UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60255-CR-MARRA\MATTHEWMAN

UNITED STATES OF AMERICA,

vs.

NAKEEM GIVANS,

        Defendant.
_____/

**UNITED STATES OF AMERICA'S RESPONSE OPPOSING
THE DEFENDANT'S PSI OBJECTION AND REQUEST FOR VARIANCE**

The United States of America, by and through the undersigned Assistant United States Attorney, files this response opposing the defendant's objection to the Pre-Sentence Investigation ("PSI") report and Request for Variance.

The defendant Givans has filed an objection to the base offense level and seeks a variance based upon a pending amendment that would lower by two levels the Sentencing Guidelines Drug Table. As self-evident from the term "pending amendment" used above, the change to the Sentencing Guidelines Drug Table is a proposal and not yet a reality.

If enacted, the new two levels lower Sentencing Guideline Drug Table would not become effective until November 1, 2014 or months after the defendant's scheduled sentencing date.

This Court when sentencing the codefendants Kerr and Shand refused to grant a two-level downward variance because the approval process for the

[1]

amendment is incomplete.  As the Department of Justice has acknowledged, "We cannot predicate with certainty what the Commission or Congress will do."

The United States Attorney General has not issued blanket approval for the Government's concurrence to a two-level downward variance based upon the pending amendment to lower the Sentencing Guidelines Drug Table.  Two level downward variance recommendations from the Government are limited to "non-violent, low level drug offenders . . . a prosecutor may object to this relief for a high-level or violent offender."

The defendant Givans and his five codefendants have been convicted for planning to commit a crime of violence, an armed robbery, to commit a drug trafficking offense by stealing from a stash house 15 kilograms of cocaine. The defendants had the ability to make their threats to use violence a reality.  A total of six guns (including one assault rifle), 156 rounds of ammunition, four high capacity magazines, a bag of zip ties to use as handcuffs, and nine pairs of gloves were seized from the possession of the defendants and from the three automobiles used to transport the defendants to the meeting at the undercover facility.  The usage of a Special Response Team (SRT) or SWAT to apprehend and to arrest the defendants shows the credible threat of danger the defendants constituted in the view of law enforcement.

The six defendants charged in this case are quintessential "violent offenders."  Givans and his codefendants do not fall within the purview of

offenders the Attorney General wants to consider for prospective variances based upon the anticipated change to the Sentencing Guidelines Drug Table.[1]

Based upon the foregoing, the United States of America requests that this Court deny the defendant Givans' objection to the PSI and request for a variance.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: *s/Donald F. Chase, II*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
COURT NO. A5500077
500 E. BROWARD BOULEVARD
SUITE 700
FT. LAUDERDALE FL 33394
TEL. NO. (954) 660-5693

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*s/Donald F. Chase, II*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

---

[1] The defendant can apply for a two level reduction and a resentencing if the proposed U.S.S.G. amendment is approved, applies to Givans and is given retroactive application.

[3]